UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Samir Ibrahim,

    Plaintiff,

v.                                                                        Case No. 23-11241
                                                                          Honorable Victoria A. Roberts

United States
Citizenship and
Immigration Services,

    Defendant.
_____/

## **ORDER DISMISSING PLAINTIFF'S COMPLAINT [ECF NO. 1]**

Plaintiff files a lawsuit against U.S. Citizenship and Immigration Services ("U.S. Immigration"). The allegations in the complaint are scant, nonspecific, jumbled, and confusing. [*See* ECF No. 1]. From what the Court gleans from the complaint, Plaintiff sues U.S. Immigration under federal civil rights law for some form of personal injury. Even if it were clear what causes of action Plaintiff intends, his claim is barred by the statute of limitations.

In all federal actions alleging a violation of civil rights or personal injuries, the statute of limitations in the state where the action was brought is to be applied. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir.1986); *see also Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th

1

Cir. 2000) (saying same).

If a plaintiff's claim is brought in Michigan under federal civil rights laws, as is the case here, the personal injury statute of limitations of three years applies. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). *See also Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 959 (E.D. Mich. 2021) ("[i]n Michigan, it is well established that the general three-year statute of limitations for personal injury actions applies to federal civil rights claims.").

Plaintiff alleges that the relevant harms occurred "in 1988 to early 90's [sic]". [ECF No. 1, PageID.5]. Even if the Court could decipher what Plaintiff alleges, the complaint is barred by Michigan's statute of limitations.

As a general rule, "a district court may not sua sponte dismiss a complaint . . . unless the court gives the plaintiff opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). However, district courts may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction when its allegations are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Wagenknecht v. United States*, 533 F.3d 412 (6th Cir. 2008). Plaintiff's complaint is devoid of merit and

creates no basis for relief. The Court **DISMISSES** Plaintiff's complaint.

Plaintiff's Application to Proceed Without Prepaying Fees and Costs [ECF No. 2] and Motion to Appoint Counsel [ECF No. 3] are **MOOT**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 7, 2023